|   |   |
|---|---|
| YU FANG TAGGART and MELISSA BOLTON,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD LEON ROBERTS and PAMELA JEAN HALL,<br><br>Defendants. | No. 2:19-cv-2470-KJM-JDP<br><br>Bankr. Case No. 19-22029-B-7<br><br>Adversary Proceeding No. 19-02099-B<br><br><u>ORDER</u> |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

This motion arises from adversarial proceedings that began prior to the Chapter 7 bankruptcy of Richard Leon Roberts and Pamela Jean Hall (collectively "defendants"). Plaintiffs were students in defendants' Ultrasound Technology training program and filed claims against defendants for nondischargeability under 11 U.S.C. § 523(a)(6) ("willful and malicious injury by debtor") and denial of discharge under 11 U.S.C. § 727 ("false oath"). Plaintiffs assert all claims, including personal injury tort claims, sexual harassment and a "false oaths" claim, previously filed in state court, are "core causes" over which the bankruptcy court has jurisdiction. Defendants move to withdraw the reference so that all claims may be addressed before this court. This matter was submitted without a hearing. For the following reasons, the court GRANTS the motion to withdraw the reference.

1

I.      BACKGROUND

      A.      Factual Background

On September 21, 2018, prior to the commencement of defendants' bankruptcy case, plaintiff Taggart filed a complaint in the Superior Court of the State of California for the County of Sacramento. *See* Compl. at 37, ECF No. 1.[1] On February 21, 2019, plaintiff Bolton filed a demand for arbitration through Alternative Dispute Resolution (ADR) Services, Inc. in the Superior Court. *See generally* Demand for Arbitration at 64, ECF No. 1.

In addition to plaintiffs Taggart and Bolton, two other claimants, Amy Pedrioli and Ariel Cook, filed arbitration claims in the Superior Court against defendants based on the same alleged conduct. Mot. at 9, ECF No. 1. The bankruptcy filing stayed all ADR proceedings. *See* Status Report, ECF No. 10. The demand for arbitration is the operative document in bankruptcy court and contains eight causes of action: (1) sexual harassment; (2) sexual battery; (3) gender violence; (4) violation of the Ralph Act; (5) assault; (6) battery; (7) negligent retention of unfit employee; and (8) intentional infliction of emotional distress. *See generally* Demand for Arbitration.

On April 1, 2019, defendants filed a petition under Chapter 7 of the Bankruptcy Code, staying the arbitrations. *See* Petition, ECF No. 1 (Bankruptcy Docket). On August 19, 2019, plaintiffs filed their two additional claims against defendants in the bankruptcy action: (1) nondischargeability under 11 U.S.C. § 523(a)(6) ("willful and malicious injury by debtor") and (2) denial of discharge under 11 U.S.C. § 727 ("false oath"). *See generally* Bankruptcy Compl., ECF No. 38. Defendants move this court to withdraw the reference from the bankruptcy court with respect to all of plaintiffs' claims for pre-trial proceedings and trial to be held before this court. Mot. at 16.

---

[1] The court cites to the page numbers assigned by the court's ECF system.

2

| | B. <u>Proceedings in Bankruptcy Court</u> |
|---|---|
| 1 | |
| 2 | On October 10, 2019, the bankruptcy court issued an Order to Show Cause (OSC) |

      B.      <u>Proceedings in Bankruptcy Court</u>

On October 10, 2019, the bankruptcy court issued an Order to Show Cause (OSC) Why All Proceedings Should Not be Suspended under 11 U.S.C. § 305(a), which provides the statutory authority for the bankruptcy court to suspend all proceedings in "the parent [C]hapter 7 case, . . . until such time as the pending civil arbitrations initiated by creditors [Melissa Bolton and Yu Fang Taggart] . . . are concluded." OSC, ECF No. 11 (Bankruptcy Docket). Defendants opposed bankruptcy court allowing state court arbitrations to proceed. ECF No. 16 (Bankruptcy Docket). Plaintiffs filed a statement of non-opposition to the bankruptcy court's OSC. ECF No. 14 (Bankruptcy Docket). The bankruptcy court employed a totality of the circumstances test to evaluate suspension under § 305(a) and determined, "Defendant shall file a motion to withdraw the reference on or before December 19, 2019." Bankruptcy Court OSC Order, ECF No. 22. On December 12, 2019, defendants filed with this court a motion to withdraw the reference. *See* Mot. Plaintiffs oppose, Opp'n, ECF No. 4, and defendants replied, Reply, ECF No. 5. On April 8, 2021, this court directed the parties to file a focused joint status report addressing two issues: (1) the current status of arbitration proceedings, and (2) whether the parties stipulate to withdrawal of the reference as to plaintiffs' claim for nondischargeability under 11 U.S.C. § 523(a)(6) in light of the bankruptcy court's January 4, 2021 Order bifurcating plaintiffs' § 727 cause of action to allow plaintiffs' § 727 case to move forward while defendants' motion to withdraw the reference is pending before this court. *See* Minute Order, ECF No. 9. On April 14, 2021, the parties filed their joint status report. *See* Status Report. The parties clarified arbitration proceedings remain stayed by the bankruptcy filing and plaintiffs do not stipulate to withdrawal of the reference as to plaintiffs' claim under 11 U.S.C. § 523(a)(6). *Id*. The court thus resolves the motion to withdraw the reference here.

II.      <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 1334 (a)–(b), district courts have original jurisdiction but not exclusive jurisdiction over "all civil proceedings arising under title 11" as well as over cases "arising in or related to cases under title 11." Each district court may, however, "provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related

3

to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Relying on this authority, this court has issued orders automatically referring all bankruptcy cases filed in the district to the bankruptcy court. *See* E.D. Cal. Gen. Order Nos. 182, 223.

There are two circumstances in which the automatic reference to the bankruptcy court is withdrawn for the case to proceed in district court. First, withdrawal is mandatory where "cases require[] substantial and material consideration of federal law." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1007 (9th Cir. 1997). Second, withdrawal is permissive as provided by 28 U.S.C. § 157(d): "The district court may withdraw, in whole or in part, any case or proceeding . . . on timely motion of any party, for cause shown." When seeking permissive withdrawal, "[t]he party moving for withdrawal of the reference has the burden of persuasion." *Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc.*, 355 B.R. 214, 218 (D. Haw. 2006).

As also provided by 28 U.S.C. § 157(d), matters in bankruptcy can be classified as either "core proceedings," in which the bankruptcy court "may enter appropriate orders and judgments," or "non-core proceedings," in which the bankruptcy court may only submit findings of fact and conclusions of law to the district court for de novo review. *Id.* In general, a core proceeding in bankruptcy is one that "invokes a substantive right provided by [T]itle 11 or . . . a proceeding that, by its nature, could arise only in the context of a bankruptcy case . . . Non-core proceedings are those not integral to the restructuring of debtor-creditor relations and not involving a cause of action arising under [T]itle 11." *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000). "The separation of 'core' and 'non-core' proceedings in the [Bankruptcy Amendments and Federal Judgeship Act of] 1984 [] creates a distinction between those judicial acts deriving from the plenary Article I bankruptcy power and those subject to general Article III federal court jurisdiction." *Id.* "A district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *Hjelmeset v. Cheng Hung*, No. 17-CV-05697-BLF, 2018 WL 558917, at *3 (N.D. Cal. Jan. 25, 2018) (quoting *In re Orion Pictures Corp.*, 4 F.3d 1095,

4

1101 (2d Cir. 1993)). "In determining whether cause [for permissive withdrawal] exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d 999 at 1008.

III. DISCUSSION

The court considers defendants' arguments for permissive withdrawal of the reference and evaluates whether plaintiffs' claims against defendants are "core" or "non-core," which impacts the bankruptcy court's ability to enter appropriate orders and judgments in this case. Defendants argue the "gravamen of [plaintiffs'] complaint is that . . . any debt owed in connection with [defendants'] conduct toward plaintiffs . . . is not dischargeable [under 11 U.S.C. § 523(a)(6)] and survives any discharge received by the defendants because the debt is 'for willful and malicious injury by the debtor' to [p]laintiffs." Mot. at 9. In reply, defendants argue the substance of defendants' claims are primarily personal injury tort claims, each of which has multiple elements, "which means they must be tried in district court." Reply at 2 (quoting bankruptcy court's OSC 3:4–3:6).

Plaintiffs do not contest that their tort claims against defendants are non-core and in fact concede that a determination of nondischargeability of debt will "require an inquiry into defendant Richard Roberts' tortious conduct." Opp'n at 2. Based on the record before the court, the claims at issue appear to be non-core, as they do not invoke "a substantive right provided by Title 11" or constitute "a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Gruntz*, 202 F.3d at 1081. Accordingly, this factor does not weigh in favor of the bankruptcy court's retaining the referral of the proceeding. Of course, bankruptcy judges may still propose findings of fact and conclusions of law to federal district courts with respect to non-core proceedings related to a case proceeding under Title 11. *Id.* The court considers whether the bankruptcy judge in this case should perform this role by conducting the analysis set forth below.

In resolving the pending motion, the court considers the factors relevant to permissive withdrawal. *Sec. Farms*, 124 F.3d 999 at 1008. First, the court considers the efficient

use of judicial resources. The division of labor between the bankruptcy court and the district court "promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them." *In re Heller Ehrman LLP*, 464 B.R. 348, 358 (N.D. Cal. 2011). In support of withdrawal of the reference to achieve judicial efficiency, defendants argue the "Bankruptcy Court cannot try personal injury tort claims. Only district court can try personal injury tort claims and enter a final judgment on all claims in the [a]dversary [p]roceeding." Mot. at 13; 28 U.S.C. § 157(b)(5) ("The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending . . ."). Plaintiffs argue defendants' "invocation of 28 U.S.C. 157(b)(5) is misplaced because [p]laintiffs did not actually bring their personal injury complaints to the bankruptcy court." Opp'n at 2.

The bankruptcy court reasoned withdrawal of the reference to let the District Court decide the personal injury tort claims was likely the correct approach to prevent "potential [] conflicting rulings and conflicting findings." Bankruptcy Hr'g Tr. 24:15–19 (Nov. 5, 2019), ECF No. 1. This court agrees with the bankruptcy court's assessment that plaintiffs' claims against defendants are predominantly tort claims under California law. *See In re Jercich,* 238 F.3d 1202, 1206 (9th Cir. 2001); *In re Bailey*, 197 F.3d 997, 1000 (9th Cir. 1999) ("While bankruptcy law governs whether a claim is nondischargeable under § 523(a)(6), this court looks to state law to determine whether an act falls within the tort of conversion.").

The court is not persuaded by plaintiffs' characterization of the bankruptcy court's direction for the "already-pending civil arbitrations [to] determine those messy factual issues" related to defendant's tortious conduct. Opp'n at 2. A review of the record shows the Bankruptcy Judge's primary concern during the OSC hearing was with "personal tort claims that have been alleged" being scheduled for arbitration before multiple decision makers because that could lead to "the potential for conflicting rulings . . . run[ning] the risk of having different conclusions [and] different findings of fact." Bankruptcy Hr'g Tr. 24:15–19 (Nov. 5, 2019), ECF No. 1. The bankruptcy court found Mr. Roberts "does have an interest in having the matter resolved in one forum, by one decision maker, rather than different decision makers." *Id*. at

29:9–14; *see also* Reply at 3. Accordingly, an efficient use of judicial resources weighs in favor of this court retaining the proceeding.

The court notes plaintiff's argument that "the civil caseload crisis pending in the Eastern District of California . . . will certainly end up delaying the administration of justice and unduly burden judicial resources." Opp'n at 3. While plaintiffs' argument has some weight on the one hand, as the time to resolve the pending motion itself illustrates, delays due to the court's dearth of judgeships cannot be given dispositive weight; even if the parties proceeded in bankruptcy court for some time yet, the proceeding ultimately could and likely would be withdrawn for trial here eventually. *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990) ("bankruptcy courts cannot conduct jury trials on noncore matters, where the parties have not consented," because to do so would create a conflict between the Seventh Amendment and 28 U.S.C. § 157(c)(1)). On balance, the court finds withdrawing the reference will avoid delay and unnecessary costs to the extent plaintiffs' claims "can be litigated in a single court capable of . . . trying the non-core, personal injury tort claims and entering final judgment on them." Mot. at 8.

The prevention of forum shopping is not a concern here as only this court has the power to enter final judgment on the claims for which the bankruptcy court cannot enter final judgment, given that the elements of "willfulness" under § 523(a)(6) are not grounded in the Bankruptcy Code. *See Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) ("The word 'willful' in [§ 523](a)(6)] modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury.") (alterations and emphasis in original). Even if the bankruptcy court were to adjudicate these non-core claims in the first instance, the court would have to conduct a de novo review to the extent that the losing party had any objections. *See generally* 28 U.S.C.A. § 157.

Lastly, the court concludes that any disruption to the uniform administration of the bankruptcy estate is outweighed by the efficiencies that will result in withdrawing plaintiffs' non-core claims to this court. *In re Rosales*, No. 13-CV-01316-LHK, 2013 WL 5962007, at *3 (N.D. Cal. Nov. 7, 2013) ("If the Bankruptcy Court cannot enter final judgment with respect to most of the claims, then efficiency favors withdrawing the reference").

IV. CONCLUSION

This order resolves ECF No. 1. The motion is GRANTED as follows:

(1) The reference is withdrawn with respect to claims 1 through 8 of the complaint in adversarial proceedings: sexual harassment; sexual battery; gender violence; violation of the Ralph Act; assault; battery; negligent retention of unfit employee; and intentional infliction of emotional distress.

(2) Withdrawal of the reference with respect to claims for nondischargeability under 11 U.S.C. § 523(a)(6) ("willful and malicious injury by debtor") and denial of discharge under 11 U.S.C. § 727 ("false oath").

(3) All further proceedings with respect to plaintiffs' claims in the adversary action shall be held before this court.

(4) A Status Conference to discuss scheduling is set for **August 19, 2021** at **2:30 p.m.** A joint case management conference statement is to be filed no later than August 5, 2021.

IT IS SO ORDERED.

DATED: May 7, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE